UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:                              )
                                    )
Sara and Douglas Trask,             )    Chapter 7
                                    )    Case No. 09-11698
          Debtors                   )
_____ )

### MEMORANDUM OF DECISION

Before the Court is the Chapter 7 trustee's final report. One creditor holding an unsecured claim objects to the final report to the extent it seeks approval of the trustee's commission and fees for the trustee's attorney. That objection is overruled and the trustee's final report will be approved. This memorandum contains my findings of fact and conclusions of law.

### BACKGROUND

The Debtors owned two pieces of real property in Winterport, Maine; one their residence and the other a sixteen acre unimproved subdivision lot. In 2007, they refinanced their home mortgage. Two years later, in the process of investigating bankruptcy alternatives, their attorney discovered that the mortgage company, during the refinancing, had taken a mortgage not on their residence but on the unimproved lot.

After filing their Chapter 7 petition, the Debtors commenced an adversary proceeding seeking a determination of the secured status of the mortgagee's claim. At the Court's instruction, the Chapter 7 trustee was joined as a necessary party to the adversary proceeding. The Debtor's attorney did the bulk of the legal work in that proceeding. After trial the Court determined that the mortgagee's claim was limited to the unimproved lot and the trustee owned the residence free of any mortgage. Eventually, the trustee sold the residence back to the Debtors for $90,000.

The Debtors' attorney sought fees for the work he had done in the adversary proceeding. That fee request was opposed by an unsecured creditor, NES Rentals, and after hearing, the Court reluctantly denied the fee request because counsel had not applied to be employed by the trustee before he undertook the work he performed.

The trustee now seeks Court approval of his final report, which would net a dividend to unsecured creditors of 94%. NES Rentals objects to the final report, specifically to the payment to the trustee of his statutory commission ($7,750) and attorneys fees ($6,396.750), because payment of those amounts reduces the distribution to unsecured creditors to slightly less than 100%. After briefing by the United States Trustee, the Chapter 7 trustee and NES, the Court took the matter under advisement.

## DISCUSSION

Section 326 of the Code[1] permits a court to award a Chapter 7 trustee "reasonable compensation under section 330" not to exceed a percentage commission based upon the value of assets distributed in the case. Section 330, in turn, provides at (a)(7): "In determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326." This portion of section 330 was added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2006. In Hopkins v. Asset Acceptance LLC (In re Salgado-Nava), 473 B.R. 911, 921 (9th Cir. BAP 2012), the court undertook a careful statutory analysis of sections 326 and 330 and concluded that "absent extraordinary circumstances, chapter 7, 12 and 13 trustee fees should be presumed reasonable if they are requested at the statutory rate". I am persuaded by this conclusion, because the reasoning in that case is sound and

---

[1] Unless otherwise indicated, all references to statutory sections are to the Bankruptcy Reform Act of 1978 ("Bankruptcy Code" or "Code"), as amended, 11U.S.C. § 101 et seq.

2

the outcome comports with my own notion of how a trustee should be compensated. This approach has also been adopted by at least one other court in the First Circuit. See In re Invent Resources, Inc., 2012 WL 5399616 (Bankr. D. Mass. 2012). This presumption of reasonableness of the statutory commission shifts the burden to the objecting party to show extraordinary circumstances warranting a downward departure from the commission amount. See St. Mary's Honor Center v. Hicks, 509 U.S. 502, 507 (1993)(relying on Fed. R. Evid. 301).

    Here, the trustee obtained a dividend for unsecured creditors of close to 100%, even after subtracting his own commission and fees. NES has presented no extraordinary circumstances justifying a reduction of the trustee's statutory commission.

    NEC also challenges some of the trustee's attorney's time. I have carefully reviewed the attorney time records and find them to be reasonable under the circumstances.

    A separate order will issue.

DATED:  April 5, 2013

_____
Louis H. Kornreich
United States Bankruptcy Judge